UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DONNIE MAHR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 14-3292 |
| | ) | |
| BILL DEITERS, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

### MERIT REVIEW AND CASE MANAGEMENT ORDER

The plaintiff, proceeding pro se, filed this complaint pursuant to 28 U.S.C. § 1983 claiming his constitutional rights were violated at the Lincoln Correctional Center.  In reviewing the Complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor.  Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013).  The court has reviewed the complaint, and the case is now before the court for a video merit review hearing in order to give the plaintiff a chance to personally explain his claims to the court.

The plaintiff filed his complaint while in custody and was granted leave to proceed *in forma pauperis*.  However, the plaintiff was released on parole on October 17, 2014, so the court must now inquire about plaintiff's continued qualifications for *in forma pauperis* status.  The court must deny an *in forma pauperis* request if (1) the allegation of poverty is untrue; (2) the action is frivolous; (3) the action fails to state a claim; or (4) the action seeks monetary relief against an immune defendant.  28 U.S.C. §1915(e)(2).  The plaintiff stated in open court that he is not employed, has no assets, and has no means of support.  The court is satisfied that the plaintiff is unable to pre-pay the full costs of commencing this action.

The plaintiff claims that on  August 18, 2014, he was working in the kitchen and chopping cabbage using a slicing machine.  The plaintiff stated the core got lodged in the machine so he powered off the machine.  When he jiggled the core to dislodge it, the blades slipped, severely injuring his nail and nail bed.  The plaintiff claims his finger bled for four to five days before he was taken to the hospital and that his finger still has not healed completely and the nail has not fully grown back.  The plaintiff complains that he never received supervision or training on the slicing machine, and the proper warnings were not posted concerning the slicing machine.  Although failing to post warning signs in compliance with IDOC regulations does not state a claim for deliberate

indifference, failure to train or to supervise can. *Buckley v. Barbour County, Alabama,* 624 F. Supp. 1335, 1344 (M.D. Ala. 2008)(finding that failure to train can state a claim under § 1983).

The court concludes that the plaintiff has stated a constitutional claim for failure to protect. Accordingly, the plaintiff is allowed to proceed without prepayment of fees, and the case will be sent for service.

The plaintiff's motion for the Court to attempt to recruit pro bono counsel is denied, with leave to renew after the plaintiff demonstrates that he has made reasonable efforts to find counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

**IT IS THEREFORE ORDERED:**

1.      Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states a claim for failure to protect against all named defendants. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2.      This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

3.      The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

4.      With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

5.      The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include

all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this opinion.  In general, an answer sets forth the defendants' positions.  The court does not rule on the merits of those positions unless and until a motion is filed by the defendants.  Therefore, no response to the answer is necessary or will be considered.

6.      This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk.  The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the clerk.  The plaintiff must mail his discovery requests and responses directly to defendants' counsel.  Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

7.      Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement.  Counsel for the defendants shall arrange the time for the deposition.

8.      The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number.  The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9.      If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10.      The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11.      The clerk is directed to attempt service on the defendants pursuant to the standard procedures.

12.    The motion to request counsel (#8) is denied.

Entered this 19th day of November, 2014.

/s/ Harold A. Baker

_____

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE